# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, | Case No.: 2:22-cv-00179-APG-DJA |
| Plaintiff | **Order Denying Motion for Preliminary Injunction** |
| v. | [ECF No. 9] |
| NATIONSTAR MORTGAGE LLC and U.S. BANK NATIONAL ASSOCIATION, as Trustee on behalf of Harborview Mortgage Loan Trust 2005-8, Mortgage Loan Passthrough Certificates, Series 2005-8, | |
| Defendants | |

Plaintiff SFR Investments Pool 1, LLC filed this action in state court to stop a foreclosure sale of its property located at 5928 Gulf Island Avenue in Las Vegas. Defendant U.S. Bank National Association, as Trustee on behalf of Harborview Mortgage Loan Trust 2005-8, Mortgage Loan Passthrough Certificates, Series 2005-8, is the current beneficiary of record on the deed of trust encumbering the property. Defendant Nationstar Mortgage LLC is U.S. Bank's servicer for the loan secured by the deed of trust. The defendants removed the action to this court based on diversity jurisdiction. ECF No. 1. The parties agreed that the defendants would not foreclose on the property until after I rule on SFR's motion for preliminary injunction. ECF No. 8.

SFR moves to enjoin the sale, arguing that the deed of trust was extinguished by operation of Nevada Revised Statutes (NRS) § 106.240 because more than ten years passed after the loan was accelerated and the defendants never decelerated the loan. SFR also contends that it requested information about paying off the loan under NRS § 107.200 *et seq.*, but the defendants failed to provide all the required information and the information they provided had

discrepancies.  Finally, SFR contends that the note and deed of trust were split at origination and have not been reunited, so the defendants cannot foreclose.

SFR has not shown a likelihood of success or serious questions on the merits of its claims.  The deed of trust was not extinguished by NRS § 106.240 because the loan was not accelerated within the statute's meaning until 2021.  And there is no private right of action under NRS § 107.260 for failure to provide a copy of the note, and even if there was the defendants did not willfully fail to provide any requested information.  Finally, SFR's claims related to the alleged note-splitting  are not factually supported and are precluded by prior litigation between the parties involving this property.  Consequently, I deny SFR's motion for a preliminary injunction.

## I. ANALYSIS

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

### A. NRS § 106.240

NRS § 106.240 provides:

The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001).

Count two of SFR's complaint asserts a claim for cancellation of the deed of trust based on the allegation, on information and belief, that the loan was accelerated in 2010 and not subsequently decelerated, so the deed of trust was extinguished in 2010 by operation of NRS § 106.240.  In its motion for injunctive relief, SFR notes that the notice of default states that the borrower first became delinquent in March 2010.  SFR contends that lenders typically send a notice of intent to accelerate, give time for the borrower to cure the default, and then accelerate the loan if the default is not timely cured.  SFR asserts, on information and belief, that the loan was accelerated around June 1, 2010.  SFR argues that ten years have passed since the loan was accelerated and there is no evidence that the lender decelerated the loan, so the deed of trust was extinguished under NRS § 106.240.  Count five of the complaint alleges any foreclosure would be wrongful because the deed of trust was extinguished. ECF No. 1-1 at 12.

The defendants respond that the deed of trust and Nevada law require the lender to record a notice of default to accelerate the loan, but the only recorded notice of default was in 2021, so NRS § 106.240's ten-year clock could not have started running until 2021.  The defendants also argue that any unrecorded acceleration, to the extent one even exists,[1] does not trigger NRS § 106.240's ten-year period.  The defendants contend that the debt is not "wholly due" within

---

[1] The defendants present evidence that in 2015 Nationstar sent letters to the borrowers that identified an amount due to make the loan current that was less than the total amount owed. ECF No. 15-1 at 83-93.  The defendants argue this shows that the loan was not previously accelerated or, alternatively, that these letters decelerated any prior acceleration.

1  NRS § 106.240's meaning while the borrower still has a right to cure the default.  And the

2  defendants assert that an acceleration does not make the debt "wholly due" in any event.

3      SFR has not shown a likelihood of success or serious questions on the merits for this

4  claim.  There is no evidence that the defendants or their predecessors accelerated the loan at any

5  time prior to the 2021 recorded notice of default.  SFR's suspicion that there must have been an

6  unrecorded letter to the borrower accelerating the debt does not raise serious questions on the

7  merits.  Additionally, the Ninth Circuit has held that an unrecorded notice of acceleration does

8  not start the clock for purposes of NRS § 106.240. *See Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*, No.

9  21-15595, 2022 WL 874634, at *1-2 (9th Cir. Mar. 24, 2022).  Consequently, SFR is not likely

10  to succeed and has not shown serious questions on the merits on its claim that the deed of trust

11  was extinguished by operation of NRS § 106.240.

12      **B.  NRS § 107.200 *et seq.***

13      NRS § 107.210 provides that if an authorized person[2] requests a statement of the amount

14  necessary to discharge the debt secured by a deed of trust, the lender must respond within 21

15  days setting forth:

16      1. The identity of the trustee or the trustee's personal representative or assignee, the current holder of the note secured by the deed of trust, the beneficiary of record and the servicers of the obligation or debt secured by the deed of trust;
17      2. The amount of money necessary to discharge the debt secured by the deed of trust on the date the statement is prepared by the beneficiary;
18      3. The information necessary to determine the amount of money required to discharge the debt on a per diem basis for a period, not to exceed 30 days, after the statement is prepared by the beneficiary; and
19      4. If the debt is in default, the amount in default, the principal amount of the obligation or debt secured by the deed of trust, the interest accrued and unpaid on the obligation or debt secured by the deed of trust, all fees imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale.

23  _____
[2] The defendants do not contest that SFR is authorized to request a statement. *See* NRS § 107.220(1)(a).

4

Section 107.260 allows the authorized person to also request a copy of the note or deed of trust at no additional charge.  Under § 107.300(1), a deed of trust beneficiary "who willfully fails to deliver a statement requested pursuant to NRS 107.200 or 107.210 within 21 days after it is requested is liable to the person who requested the statement in an amount of $300 and any actual damages suffered by the person who requested the statement."  Willfully is statutorily defined to mean "an intentional failure to comply with the requirements of NRS 107.200 or 107.210 without just cause." NRS § 107.300(3).

Count one of the complaint alleges that the defendants failed to comply with NRS §§ 107.210, 107.220, and 107.260 because SFR requested the required information and a copy of the note but the defendants "failed to provide a complete response" within 21 days. ECF No. 1-1 at 7.  SFR contacted Nationstar to "prompt a full response and to obtain a copy of the Note." *Id.* Nationstar "provided a copy of the Note that appeared to be incomplete." *Id.* at 8.  SFR alleges that it contacted Nationstar a second time and received an identical copy of the note. *Id.* According to the complaint, the note SFR received in response to its request was "not consistent with a copy of the Note provided in prior litigation on the Property." *Id.*  SFR alleges that "[b]ecause [the defendants] have willfully failed to provide a complete response to SFR's requests, SFR has been unable to obtain the full details regarding the debt secured by the deed of trust." *Id.*  SFR also alleges that due to the discrepancies in the copies of the notes, "SFR is unable to determine whether or not the Note includes the proper endorsements to establish proper ownership of the Note at all relevant times and thus, authority to foreclose." *Id.*

In its motion for injunctive relief, SFR contends that it is likely to succeed on the merits of its claim that the defendants failed to comply with NRS § 107.200 *et seq.* because it requested statements regarding the debt, but the defendants failed to provide all required information.  SFR

also asserts that the version of the note the defendants provided is different from one that SFR received for this same property in prior litigation.

The defendants respond that there is no private right of action for failure to provide a copy of the note under NRS § 107.260 because § 107.300 provides a cause of action only for violations of §§ 107.200 and 107.210.  They also contend that SFR admits that the defendants provided a statement and a copy of the note, but SFR does not explain what is deficient about their response.  They argue that even if they failed to fully respond, there is no evidence they willfully failed to provide the requested information.  Finally, they contend that SFR presented no evidence regarding the parties' communications or the supposedly inconsistent notes, so there is no evidentiary basis to support an injunction.

SFR has not demonstrated a likelihood of success or serious questions on the merits for this claim.  SFR's motion is supported by the declaration of its attorney, who states that "[b]ased on information received from my client, even after multiple follow-ups, no complete response was received." ECF No. 9-1 at 3.  However, SFR presents no evidence to show the responses were incomplete, nor does SFR's motion explain how they were incomplete.  SFR did not provide the parties' communications.  The same goes for SFR's contention that the note was inconsistent with one provided in prior litigation.  SFR relies only on counsel's declaration stating, without elaboration and without attaching the allegedly differing notes, that the copy received "appears to be incomplete" and "does not match" the copy provided in prior litigation. *Id.* at 3.  There is no explanation in the declaration or any attached exhibit as to why the copy is incomplete or how it does not match the previously provided copy.  SFR's motion therefore fails to present an evidentiary basis to conclude that the defendants willfully violated the relevant statutory provisions.

The defendants attached the parties' communications and the copies of the notes to their opposition to SFR's motion.  Those exhibits show that Nationstar provided a statement identifying the current unpaid principal balance; the amount of unpaid interest, late fees, expenses, escrow advances, and other fees; the total payoff amount; the annual and daily interest rates; the escrow amount; where to send payment; and the payoff date through which those numbers were accurate. ECF No. 15-1 at 95-96, 112-33.  Nationstar also advised SFR that "if an amount for reinstatement only is needed," SFR should provide a "good through date" for a quote. *Id.* at 112.

After receiving this response, SFR advised Nationstar that it did not send SFR a copy of the note as requested. *Id.* at 118.  SFR did not identify any deficiency in the statement. *Id.*

Nationstar provided a copy of the note without any allonges. *Id.* at 122-26.  SFR's attorney states in her declaration that upon receiving the note, it appeared to be an incomplete copy, so SFR again requested a copy of the note. ECF No. 9-1 at 3.  That second request also resulted in Nationstar sending a copy without allonges. *Id.*  According to the declaration of a Nationstar employee, Nationstar did not know that SFR believed the copy of the note was incomplete until SFR filed its motion for injunctive relief. ECF No. 15-1 at 79.  That employee also avers that the omission of the allonges was not intentional. *Id.*

Nationstar attached to its opposition a copy of the note with the allonges. *Id.* at 128-33. The first allonge states "pay to the order of Countrywide Document Custody Services." *Id.* at 132.  The second states "pay to the order of Countrywide Home Loans Inc." *Id.* at 133.  The third and final allonge is endorsed in blank. *Id.*

This evidence supports the conclusion that SFR is not likely to succeed in showing the defendants willfully failed to provide the requested information.  When SFR advised Nationstar

that the note was not provided, it also could have identified whatever it views as the deficiencies in the statement, but it did not.[3]  Additionally, although Nationstar did not initially provide the note, it did so upon being notified of its omission.  And the defendants have presented evidence that the failure to provide the allonges was unintentional.[4]  SFR presents nothing to rebut that evidence.  SFR never advised Nationstar that it wanted the allonges even when it requested a copy of the note for the second time.  Instead, it waited until it filed the complaint and motion for injunctive relief to identify the alleged discrepancy.

Even if SFR could show serious questions on the merits, it has not shown that the balance of hardships tips sharply in its favor in relation to this claim.  SFR argues that without the requested information, it is unable to verify the debt and pay the amount necessary to avoid foreclosure.  But SFR has the payoff amount and the promissory note with allonges.  SFR has not explained why it does not have sufficient information to verify the debt and decide whether to pay off the loan to retain its interest in the property.  If the defendants technically violated the statutory requirements, then SFR may be able to recover damages.  But the balance of hardships does not favor an injunction based on this claim.

**C.  Note Splitting**

Count three of the complaint alleges that the deed of trust and note were split at origination and, on information and belief, have not been reunited. ECF No. 1-1 at 10.  SFR alleges, on information and belief, that the note and deed of trust were never properly transferred to U.S. Bank and U.S. Bank does not possess the original wet-ink note. *Id.*  SFR thus seeks a

---

[3] SFR still has not identified what is deficient about the defendants' response, and I will not make SFR's arguments for it.

[4] Additionally, as discussed in my order addressing the defendants' motion to dismiss, there is no private right of action for failure to deliver the note under NRS § 107.260.

declaration that U.S. Bank does not have the authority to foreclose. *Id.* Count four alleges that the notice of default and notice of sale should be cancelled for these same reasons, as well as because the chain of assignments shows two assignments from the original beneficiary. *Id.* at 11. Count five alleges any foreclosure would be wrongful for these same reasons. *Id.* at 12.

In its motion, SFR repeats these arguments and attaches the various assignments of the deed of trust. The defendants respond that SFR is precluded from litigating this issue because the parties already engaged in quiet title litigation and SFR could have brought its claim then. The defendants also argue that the recorded documents show the chain of assignments of the deed of trust to U.S. Bank and the note is presumed to travel with the deed of trust.

SFR has not shown a likelihood of success or serious questions on the merits for these claims. As discussed in my order addressing the defendants' motion to dismiss, SFR is claim-precluded from asserting this count. Additionally, SFR has presented no evidence that U.S. Bank does not possess the note, and the affidavit of authority to foreclose states under penalty of perjury that it does. ECF No. 9-1 at 44-53.

As for the assignments, the deed of trust identified the original beneficiary as Mortgage Electronic Registration Systems, Inc. (MERS). ECF No. 9-1 at 19. In February 2011, MERS assigned the deed of trust to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. *Id.* at 52, 63. BAC's successor later assigned the deed of trust to U.S. Bank. *Id.* at 72. In October 2011, MERS purported to assign the deed of trust to U.S. Bank even though it had already assigned the deed of trust to BAC. *Id.* at 65.

Other than pointing out that MERS purported to assign the deed of trust twice, SFR does not explain why this raises serious questions about U.S. Bank's ability to foreclose. Both chains of assignments lead to U.S. Bank, and SFR has not argued or presented evidence that both chains

1  contain void, as opposed to voidable, transfers. *See Wood v. Germann*, 331 P.3d 859, 861 (Nev.

2  2014) (holding that a borrower lacks standing to challenge a voidable assignment of the deed of

3  trust because the debtor is not a party to the assignment).  So even if the second MERS

4  assignment is void because MERS no longer owned the deed of trust and thus had nothing to

5  assign, BAC's successor assigned the deed of trust to U.S. Bank.

6      To the extent SFR is contending that the note was not transferred along with the deed of

7  trust, Nevada law generally presumes that the note is transferred with the deed of trust. *See Jones*

8  *v. U.S. Bank Nat'l Ass'n, as Tr. for TBW Mortg.-Backed Pass-Through Certificates, Series 2006-*

9  *3*, 460 P.3d 958, 961 (Nev. 2020).  Further, the defendants have presented evidence through the

10  last allonge that the note is payable to the person in possession of the note, which the evidence

11  shows is U.S. Bank. *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 261 (Nev. 2012).

12  Consequently, SFR is not likely to succeed in showing that U.S. Bank lacks authority to

13  foreclose, so I deny its motion for injunctive relief based on these claims.

14  **II.  CONCLUSION**

15      I THEREFORE ORDER that plaintiff SFR Investments Pool 1, LLC's motion for

16  preliminary injunction **(ECF No. 9) is DENIED**.

17      DATED this 27th day of May, 2022.

18

19

20      _____
        ANDREW P. GORDON
        UNITED STATES DISTRICT JUDGE

21

22

23