UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>　　Plaintiff<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC and U.S. BANK NATIONAL ASSOCIATION, as Trustee on behalf of Harborview Mortgage Loan Trust 2005-8, Mortgage Loan Passthrough Certificates, Series 2005-8,<br><br>　　Defendants | Case No.: 2:22-cv-00179-APG-DJA<br><br>**Order Granting Defendants' Motion to Dismiss**<br><br>[ECF No. 10] |

　　Plaintiff SFR Investments Pool 1, LLC filed this action in state court to stop a foreclosure sale of its property located at 5928 Gulf Island Avenue in Las Vegas.  Defendant U.S. Bank National Association, as Trustee on behalf of Harborview Mortgage Loan Trust 2005-8, Mortgage Loan Passthrough Certificates, Series 2005-8, is the current beneficiary of record on the deed of trust encumbering the property.  Defendant Nationstar Mortgage LLC is U.S. Bank's servicer for the loan secured by the deed of trust.  The defendants removed the action to this court based on diversity jurisdiction. ECF No. 1.

　　The defendants move to dismiss each of SFR's claims on various grounds.  SFR opposes.  I grant the motion, with leave to amend certain claims.

**I. ANALYSIS**

　　In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation*

*v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A.  NRS § 107.200 *et seq.* (Count One)

Nevada Revised Statutes (NRS) § 107.210 provides that if an authorized person[1] requests a statement of the amount necessary to discharge the debt secured by a deed of trust, the lender must respond within 21 days setting forth:

> 1. The identity of the trustee or the trustee's personal representative or assignee, the current holder of the note secured by the deed of trust, the beneficiary of record and the servicers of the obligation or debt secured by the deed of trust;
> 2. The amount of money necessary to discharge the debt secured by the deed of trust on the date the statement is prepared by the beneficiary;
> 3. The information necessary to determine the amount of money required to discharge the debt on a per diem basis for a period, not to exceed 30 days, after the statement is prepared by the beneficiary; and
> 4. If the debt is in default, the amount in default, the principal amount of the obligation or debt secured by the deed of trust, the interest accrued and unpaid on the obligation or debt secured by the deed of trust, all fees imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale.

Section 107.260 allows the authorized person to also request a copy of the note or deed of trust at no additional charge.  Under § 107.300(1), a deed of trust beneficiary "who willfully fails to deliver a statement requested pursuant to NRS 107.200 or 107.210 within 21 days after it is requested is liable to the person who requested the statement in an amount of $300 and any actual damages suffered by the person who requested the statement."  Willfully is statutorily

---

[1] The defendants do not contest that SFR is authorized to request a payoff statement. *See* NRS § 107.220(1)(a).

2

defined to mean "an intentional failure to comply with the requirements of NRS 107.200 or 107.210 without just cause." NRS § 107.300(3).

Count one of the complaint alleges that the defendants failed to comply with NRS §§ 107.210, 107.220, and 107.260 because SFR requested the required information and a copy of the note but the defendants "failed to provide a complete response" within 21 days. ECF No. 1-1 at 7. SFR contacted Nationstar to "prompt a full response and to obtain a copy of the Note." *Id.* Nationstar "provided a copy of the Note that appeared to be incomplete." *Id.* at 8. SFR alleges that it contacted Nationstar a second time and received an identical copy of the note. *Id.* According to the complaint, the note SFR received in response to its request was "not consistent with a copy of the Note provided in prior litigation on the Property." *Id.* SFR alleges that "[b]ecause [the defendants] have willfully failed to provide a complete response to SFR's requests, SFR has been unable to obtain the full details regarding the debt secured by the deed of trust." *Id.* SFR also alleges that due to the discrepancies in the copies of the notes, "SFR is unable to determine whether or not the Note includes the proper endorsements to establish proper ownership of the Note at all relevant times and thus, authority to foreclose." *Id.*

The defendants argue this claim should be dismissed with prejudice because there is no private right of action for failure to provide a copy of the note under NRS § 107.260 where § 107.300 provides a cause of action only for violations of §§ 107.200 and 107.210. They also contend that SFR admits that the defendants provided a statement and a copy of the note, so there was no violation.

SFR responds that there is a private right of action because the request for the note is part of the request for a statement. SFR also argues that this claim asserts that not all statutorily required information was provided in the statement.

The Supreme Court of Nevada has not addressed whether an authorized requester may sue a beneficiary under NRS § 107.300 for failing to provide a requested copy of the note under § 107.260. I therefore must "predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1126 (9th Cir. 2005) (quotation omitted).

Under Nevada law, legislative intent "is the controlling factor" in interpreting a statute. *State v. Lucero*, 249 P.3d 1226, 1228 (Nev. 2011) (quotation omitted). To determine legislative intent, I begin with the statute's plain language. *Id.* If the statute "is clear on its face," I apply it as written. *Id.* (quotation omitted). But if "the statutory language lends itself to two or more reasonable interpretations," then I may "look to other tools such as legislative history, reason, and public policy to determine legislative intent." *Martinez Guzman v. Second Jud. Dist. Ct. in & for Washoe*, 460 P.3d 443, 447 (Nev. 2020) (en banc).

Beginning with the statutory language, NRS § 107.300 provides a private right of action for damages against a "beneficiary who willfully fails to deliver a statement requested pursuant to NRS 107.200 or 107.210 within 21 days after it is requested." Section 107.210 is the section that allows a request for a statement. Section 107.260 states that if an authorized requester "includes in the request for such a statement a request for a copy of the note or deed of trust, the beneficiary shall mail a copy of the note or deed of trust with the statement at no additional charge."

By the plain statutory language, there is no cause of action for failure to provide the note. The legislature created a cause of action for willfully failing to deliver the statement and specifically designated the statutory sections under which a claim could be brought. Section

107.260 is not one of the identified sections. Had the legislature wanted to create a cause of action for failing to provide the note, it could have included § 107.260 as one of the identified sections and referred to the failure to provide the note. Instead, it provides a cause of action only for the failure to provide the statement under §§ 107.200 or 107.210.[2] Because no cause of action exists under § 107.300 for failure to provide the note, I dismiss this portion of SFR's claim with prejudice.

SFR contends this claim rests on more than a failure to provide the note, but SFR has not plausibly alleged another violation. Although SFR alleges a complete response was not provided, it does not allege any facts as to what was deficient about the defendants' response. Consequently, to the extent this claim is based on anything other than the note, I dismiss it. I grant SFR leave to amend this aspect of this claim, if facts exist to do so, because it is not clear that amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted)).

**B. Cancellation of Written Instrument under NRS § 106.240 (Count Two)**

NRS § 106.240 provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

---

[2] I do not imply a cause of action for failure to deliver the note because that would be contrary to the legislative intent, where the legislature set forth those statutory sections for which it created a claim. *See Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 101 (Nev. 2008) (en banc).

5

This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001). Count two of SFR's complaint asserts a claim for cancellation of the deed of trust based on its allegation, on information and belief, that the loan was accelerated in 2010 and not subsequently decelerated, so the deed of trust was extinguished in 2020 by operation of NRS § 106.240.

The defendants move to dismiss this claim with prejudice, arguing that the deed of trust and Nevada law require the lender to record a notice of default to accelerate the loan, but the only recorded notice of default was in 2021. The defendants contend that NRS § 106.240's ten-year clock thus could not have started running until 2021. The defendants also argue that an unrecorded acceleration does not trigger NRS § 106.240's ten-year period. The defendants further contend that the debt is not "wholly due" within NRS § 106.240's meaning while the borrower still has a right to cure the default. And the defendants assert that an acceleration does not make the debt "wholly due" in any event. SFR responds that an unrecorded document can accelerate the loan for purposes of NRS § 106.240 and that a right to cure does not mean that the loan has not been accelerated.

The Ninth Circuit has held that an unrecorded notice of acceleration does not start the clock for purposes of NRS § 106.240. *See Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*, No. 21-15595, 2022 WL 874634, at *1-2 (9th Cir. Mar. 24, 2022). Because SFR's claim relies entirely on the possibility of an unrecorded acceleration, it fails as a matter of law. I dismiss this claim with prejudice because amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district

court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

### C. Declaratory Relief (Count Three)

Count three of the complaint alleges that the deed of trust and note were split at origination and, on information and belief, have not been reunited. ECF No. 1-1 at 10. SFR alleges, on information and belief, that the note and deed of trust were never properly transferred to U.S. Bank and U.S. Bank does not possess the original wet-ink note. *Id.* SFR thus seeks a declaration that U.S. Bank does not have the authority to foreclose. *Id.*

The defendants move to dismiss count three with prejudice as claim precluded because the parties already engaged in quiet title litigation and SFR could have brought its declaratory relief claim then. The defendants also argue that the recorded documents show the chain of assignments of the deed of trust to U.S. Bank. They contend that because the note is presumed to travel with the deed of trust, the note and deed of trust have been reunited.

SFR responds that it is not claim precluded because during the time frame when the parties were litigating previously, lenders routinely argued that SFR was not entitled to the note because the lenders were not then seeking to foreclose. SFR also points out that the deed of trust was assigned twice by the same entity, so there is some question about U.S. Bank's authority to foreclose.

The prior action was in this court on diversity jurisdiction. *See U.S. Bank National Ass'n v. Heritage Estates Homeowners Ass'n, et al.*, 2:16-cv-01385-GMN-CWH (*Heritage*). "Federal common law governs the claim-preclusive effect of a judgment rendered by a federal court sitting in diversity." *NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019) (simplified). Under federal common law, I look to "the preclusive effect of the prior federal

decision by reference to the law of the state where the rendering federal diversity court sits." *Id.* (simplified).

Under Nevada law, claim preclusion applies where: "(1) the final judgment is valid, (2) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case, and (3) the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit, or the defendant can demonstrate that he or she should have been included as a defendant in the earlier suit and the plaintiff fails to provide a good reason for not having done so." *Weddell v. Sharp*, 350 P.3d 80, 85 (Nev. 2015) (en banc) (simplified). The "relevant consideration" for the second factor is "whether the pertinent facts of the different claims are so logically related that issues of judicial economy and fairness mandate that all issues be tried in one suit." *Mendenhall v. Tassinari*, 403 P.3d 364, 371 (Nev. 2017).

Here, there is no dispute there is a final valid judgment in the prior case and that U.S. Bank and SFR were parties to the prior action. Thus, the only dispute is whether SFR could have brought its declaratory relief claim in the prior action.

SFR's claims and allegations in this case are logically related to those in the prior case, such that SFR could have brought its current declaratory relief claim in the prior action. Both cases involve allegations about whether the deed of trust was properly assigned to U.S. Bank based on the presence of two seemingly conflicting assignments in the recorded instruments. The deed of trust identified the original beneficiary as Mortgage Electronic Registration Systems, Inc. (MERS). ECF No. 9-1 at 19. In February 2011, MERS assigned the deed of trust to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. *Id.* at 52, 63. BAC's successor later assigned the deed of trust to U.S. Bank. *Id.* at 72. In October 2011,

MERS purported to assign the deed of trust to U.S. Bank even though it had already assigned the deed of trust to BAC. *Id.* at 65.

The two MERS assignments took place before SFR filed its counterclaims in the prior action and SFR pleaded facts related to the two MERS assignments in its counterclaims. *See* ECF No. 9-1 at 52, 63-65; *Heritage*, ECF No. 19 at 13. In the prior action, SFR alleged as an affirmative defense that U.S. Bank had "no standing to enforce the deed of trust and/or the underlying promissory note." *Heritage*, ECF No. 19 at 8. The assignment from BAC to U.S. Bank was recorded on September 7, 2016. ECF No. 10 at 50-51. SFR could have amended its counterclaim, filed just over a month earlier, to address the third assignment.

The Supreme Court of Nevada found claim preclusion applied in circumstances similar to those present in this case.[3] In *Golden Creek Holdings, Inc. v. Nationstar Mortg. LLC*, the plaintiff's predecessor filed a lawsuit against the record beneficiary of the first deed of trust "seeking an adjudication that respondent could not foreclose on the deed of trust because an HOA foreclosure sale had extinguished respondent's deed of trust." No. 81821, 489 P.3d 918, 2021 WL 2910689, at *1 (Nev. July 9, 2021). The beneficiary prevailed in the prior action. *Id.* Several years later, the plaintiff filed another lawsuit, this time seeking a ruling that the beneficiary "could not foreclose on the deed of trust because it did not possess the promissory note secured by the deed of trust." *Id.* The trial court dismissed the second suit as claim precluded, and the Supreme Court of Nevada affirmed. *Id.* The Supreme Court of Nevada noted that there was no change in factual circumstances since the prior lawsuit that would call into

---

[3] The parties do not address the fact that SFR was the counterclaimant rather than the plaintiff in the prior action, so I do not address it either.

question whether the beneficiary possessed the note, and the plaintiff failed to explain why it could not have brought its claim in the prior action.

As in *Golden Creek*, nothing has changed factually since SFR filed its counterclaim in the prior action except that BAC assigned the deed of trust to U.S. Bank. Because SFR could have amended its counterclaims and because that assignment would only undermine SFR's claim that U.S. Bank was not properly assigned the note and deed of trust, that is not a change in circumstance that would make this case factually distinct from the prior action.

However, unlike the plaintiff in *Golden Creek*, SFR has explained why it did not assert this claim in the prior action. SFR contends that at the time of the prior action, lenders were resisting discovery requests for the notes, claiming that the notes were irrelevant to the proceedings because the lenders were not seeking to foreclose, but only to determine whether deeds of trust survived the homeowners associations' foreclosure sales. The defendants respond that the mere fact that U.S. Bank would have defended against the claim does not excuse SFR from bringing the claim so that all of the parties' disputes could be resolved in one action.

SFR's prediction that U.S. Bank would have resisted adjudication of this dispute had SFR raised it in the prior action does not bar the application of claim preclusion. SFR could have raised the inconsistencies in the assignments, and if U.S. Bank argued the issue was not ripe because it was not seeking to foreclose, then the prior court would have had the opportunity to rule on that issue. But SFR did not do so and instead waited to bring this second action on the same facts as existed years ago. I therefore grant the defendants' motion to dismiss this claim with prejudice as claim precluded. Even if this claim is not precluded, SFR has not plausibly alleged a factual basis for its allegations that U.S. Bank does not possess the note or that the deed of trust was not properly assigned to U.S. Bank, as discussed with respect to count four.

### D. Cancellation of Written Instrument (Count Four)

Count four of the complaint alleges that the notice of default and notice of sale should be cancelled because the note and deed of trust were split at origination and, on information and belief, have not been reunited. ECF No. 1-1 at 11. SFR also alleges that MERS twice assigned the deed of trust, and the copy of the note the defendants provided in response to SFR's request was different than the one produced in the prior litigation. *Id.* SFR alleges, on information and belief that U.S. Bank does not possess the note. *Id.* SFR thus seeks to cancel the notice of default and notice of sale.

The defendants argue this count is claim precluded because SFR could have litigated the issue of whether U.S. Bank owns the note in the prior litigation. They also contend that there is no factual basis for this claim because the note and deed of trust were reunited when they were transferred from MERS and BAC to U.S. Bank. They also argue that even though the assignment mentions only the deed of trust and not the note, Nevada law presumes that the note travels with the deed of trust unless the assignment states otherwise.

I decline to apply claim preclusion to count four because this count seeks to cancel a notice of default and notice of sale that post-date the prior litigation. *See* ECF No. 1-1 at 5-6 (alleging the notice of default was recorded in September 2021 and the notice of sale was recorded in December 2021); *Heritage*, ECF No. 131 (last document in the case filed on March 17, 2021). SFR could not have brought a claim in the prior action to cancel instruments that did not then exist. To the extent the defendants are contending that issue preclusion should apply, they did not cite relevant law or argue the elements of issue preclusion.

I nevertheless dismiss this claim because SFR does not plausibly allege that U.S. Bank lacks the authority to foreclose. Both chains of assignments lead to U.S. Bank, and SFR has not

plausibly alleged facts to show that one or both chains contain void, as opposed to voidable, transfers. *See Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (holding that a borrower lacks standing to challenge a voidable assignment of the deed of trust because the debtor is not a party to the assignment). So even if the second MERS assignment is void because MERS no longer owned the deed of trust and thus had nothing to assign, BAC's successor assigned the deed of trust to U.S. Bank.

SFR also has not plausibly alleged facts that U.S. Bank does not own or possess the note. Nevada law generally presumes that the note is transferred with the deed of trust. *See Jones v. U.S. Bank Nat'l Ass'n, as Tr. for TBW Mortg.-Backed Pass-Through Certificates, Series 2006-3*, 460 P.3d 958, 961 (Nev. 2020). SFR has not alleged the assignments transferred only the deed of trust. Nor does the complaint state any other facts that would support SFR's allegation, on information and belief, that U.S. Bank does not possess the note. Consequently, I dismiss this claim. However, I grant SFR leave to amend if facts exist to do so.

### E. Wrongful Foreclosure and Injunctive Relief (Counts Five and Six)

The defendants argue the wrongful foreclosure claim is not ripe because they have not foreclosed and that injunctive relief is a remedy, not a separate claim. SFR concedes dismissal of these counts. ECF No. 14 at 1. I therefore grant the defendants' motion to dismiss count five as not ripe because no foreclosure has taken place, and count six because injunctive relief is a remedy, not a separate cause of action.

## II. CONCLUSION

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 10) is GRANTED in part** as set forth in this order.

I FURTHER ORDER that by **June 28, 2022**, plaintiff SFR Investments Pool 1, LLC may file an amended complaint for those claims I dismissed without prejudice if facts exist to do so. If SFR does not file an amended complaint by that date, I will dismiss the remaining claims with prejudice, except for the wrongful foreclose claim, which I am dismissing because it is not ripe.

DATED this 27th day of May, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE